UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PEDRO JOSE HONESTO,<br><br>    Petitioner,<br><br>    v.<br><br>C. CALLAHAN, Warden,<br><br>    Respondent. | No. CV 18-00039-MWF (DFM)<br><br>ORDER TO SHOW CAUSE |

On December 4, 2017, Pedro Jose Honesto ("Petitioner") initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. See Dkt. 1 ("Petition"). For the reasons discussed below, Petitioner is ORDERED TO SHOW CAUSE within 28 days of the service of this Order why the Petition should not be dismissed because the Court lacks jurisdiction and because the claims alleged therein are not cognizable under Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc).

A federal court can grant habeas corpus relief to a petitioner "only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, the "core of habeas corpus" is an attack on "the very duration of [a prisoner's] physical confinement." Id. at 487-88. "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." Nettles, 830 F.3d at 934. A prisoner's claims fall within "the core of habeas corpus" when they challenge the fact or duration of the conviction or sentence. Id. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' . . . ." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles, 830 F.3d at 934-35.

In the context of disciplinary proceedings, when expungement of a disciplinary violation and restoration of time credits would not "necessarily" speed up a prisoner's release, the prisoner may not seek relief by habeas petition. Nettles, 830 F.3d at 934-35. The mere fact that a disciplinary decision may be considered in denying parole is insufficient to confer habeas jurisdiction. See id. (finding petitioner's claim not within "core of habeas corpus" where expungement of petitioner's rule violation would not "necessarily" result in earlier release because parole board could still find him unsuitable for parole based on other factors under California law).

Nettles appears dispositive here. Like the petitioner in Nettles, Petitioner is serving an indeterminate life sentence and appears to be challenging his loss of good conduct credits. Success on the merits of Petitioner's claims similarly does not appear to "necessarily lead to immediate or speedier release" because expungement of Petitioner's disciplinary violation would not "necessarily lead to a grant of parole." Nettles, 830 F.3d at 934-35. Under California law, the parole board reviews many factors—not only an inmate's disciplinary record—prior to making a parole suitability determination. See Cal. Code Regs. tit. 15,

2

§ 2281(b). Because the parole board has the authority to deny parole on the basis of any of the grounds available to it, the presence of a disciplinary infraction on Petitioner's record "does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Nettles, 830 F.3d at 935; see also Olic v. Lizarraga, No. 16-689, 2017 WL 2664147, at *3 (C.D. Cal. Mar. 27, 2017) (successful challenge to disciplinary violation and restoration of credits would not necessarily lead to speedier release because disciplinary record only one factor in parole suitability decision). Moreover, Petitioner's parole hearing is not until May 23, 2018. See https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=D55459 (last accessed Mar. 26, 2018). Thus, any impact that Petitioner's loss of good time credits might have on his parole eligibility remains speculation. See Rivera v. Hartley, No. 13-00285, 2013 WL 2355510, at *5 (E.D. Cal. May 29, 2013) (refusing to assert habeas jurisdiction on the basis of petitioner's "speculation and hypothesis").

IT IS THEREFORE ORDERED that within 28 days of the service of this Order, Petitioner must show cause as to why the Court should not dismiss the Petition for lack of jurisdiction and because the claims alleged are not cognizable under Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016).

Petitioner is admonished that if he fails to file a timely response to this Order, his Petition may be dismissed for failure to prosecute and/or for the reasons state above.

Dated: April 3, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

3